IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Elizabeth Phillips, on behalf of Mark Phillips, deceased, | ) ) ) | C/A No.: 1:12-533-SVH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b). [ECF No. 22]. On August 14, 2013, the court reversed the Commissioner's decision denying Plaintiff's claim for social security disability benefits and remanded the case for further administrative proceedings pursuant to sentence four 42 U.S.C. § 405(g). [ECF No. 16]. On December 13, 2013, the undersigned issued an order granting Plaintiff's motion for attorney fees under the Equal Access to Justice Act ("the EAJA") and directing the Commissioner to pay Plaintiff $6,500.00. [ECF No. 21]. Plaintiff has informed the court that the Commissioner subsequently awarded total past-due benefits in the amount of $103,680.00. [ECF No. 22-3 at 1]. Plaintiff's attorney requests that the undersigned authorize a fee in the amount of $33,864.00, which represents 25 percent of the claimant's past due benefits as agreed to by the claimant in the contingent fee agreement dated April 12, 2010. [ECF No. 23 at 1–2, *citing* ECF No. 22-2]. The Commissioner subsequently filed a response in support of Plaintiff's counsel's

motion for attorney's fees on January 8, 2015. [ECF No. 23]. However, the undersigned's review of the record reveals that several issues require further development.

The Local Civil Rules of this court require an attorney to file a petition for attorney's fees no later than 60 days after the issuance of all notices of award of benefits. Local Civ. Rule 83.VII.07 (D.S.C.). The rule provides that "[n]oncompliance with this time limit may be deemed a waiver of any claim for attorney's fees, unless the attorney can show good cause for the delay." *Id.* The Notice of Award is dated July 8, 2014, but the motion for attorney's fees was not filed until December 19, 2014, which exceeded the filing period by more than three months. [ECF Nos. 22; 22-3]. Plaintiff's attorney failed to acknowledge the 60-day deadline under Local Civ. Rule 83.VII.07 and did not provide any explanation for the delay. Therefore, Plaintiff's attorney is directed to advise this court of the reason for the delay in order that the undersigned may determine whether she can establish good cause. Without a showing of good cause (and not mere negligence on Plaintiff's attorney's part), the undersigned would be inclined to deem the fees waived.

Furthermore, the Notice of Award indicated the remainder of the past-due benefits would be paid to P.P., C.P., and J.P.[1] if the representative did not ask for the full 25 percent of the past-due benefits. Because Plaintiff's counsel failed to file the motion for attorney's fees within the period set forth in Local Civ. Rule 83.VII.07 (D.S.C.), the

---

[1] Plaintiff's brief indicates P.P., C.P., and J.P. are triplets, who were four-and-a-half years old when Plaintiff testified at the hearing on January 6, 2012. [ECF No. 11 at 3]. Plaintiff's counsel is reminded that Section 13.4.2 of Electronic Case Filing Policies and Procedures of the District of South Carolina (D.S.C. May 12, 2006), requires that, where involvement of a minor child must be mentioned, the initials of the minor child be used instead of the minor child's name. The names of the minor children should have been redacted from the Notice of Award included at ECF No. 22-3.

undersigned directs Plaintiff to provide proof to the court that the funds withheld have not been released to P.P., C.P., and J.P. Acceptable proof shall include a written statement from the Social Security Administration indicating that the funds are still being held or an affidavit from Plaintiff that the funds have not been received.[2]

Plaintiff's counsel indicated in the motion for attorney's fees that she would refund the $6,500.00 EAJA fee and the $5,911.00 fee paid by the Social Security Administration to the claimant. [ECF No. 22 at 1–2]. The undersigned interprets the Notice of Award to indicate that $33,864.00 represented 25 percent of the claimant's past-due benefits and that $6,000.00 was released to Plaintiff's attorney.[3] If the undersigned's interpretation is correct, an additional $27,864.00 is presumably being held by the Social Security Administration. Plaintiff's attorney is directed to advise the court as to why it would not be a better course of action for the court to authorize a total fee of $33,864.00, but to direct the Commissioner to remit the additional $27,864.00 it retains to Plaintiff's attorney and to allow Plaintiff's attorney to retain the $5,911.00 fee paid

---

[2] If another court has appointed someone other than Plaintiff to handle financial matters for P.P., C.P., and J.P., Plaintiff's counsel is advised to obtain a statement from that person indicating whether the funds were released from the Social Security Administration.

[3] The Notice of Award states that Plaintiff's attorney was paid $6,000.00. [ECF No. 22-3 at 1]. However, Plaintiff's attorney states she received $5,911.00. [ECF No. 22 at 1]. An assessment to cover administrative costs is imposed on payments made directly to attorneys from claimants' past-due benefits under 42 U.S.C. § 406(d). The undersigned recognizes the $89.00 difference between the amount paid and the amount the attorney received to represent the assessment. Furthermore, attorneys are prohibited from obtaining reimbursement for such assessment from the claimant whose claim gave rise to the assessment under 42 U.S.C. § 406(d)(4). Therefore, the undersigned cannot authorize Plaintiff's attorney to be reimbursed the $89.00 assessment from funds otherwise payable to the claimant's beneficiaries.

directly from the Social Security Administration.[4] The undersigned notes that it would be appropriate for Plaintiff's attorney to refund the EAJA fee to "the claimant." *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) (indicating that Congress authorized fee awards under both the EAJA and 42 U.S.C. § 406(b), but required that "the claimant's attorney must 'refund to the claimant the amount of the smaller fee'") *citing* Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186. However, because the claimant is deceased and the Notice of Award stated that, of the $33,864.00 withheld for the attorney's fee, $31,776.00 represented benefits for P.P., C.P., and J.P., Plaintiff's attorney is directed to advise this court to whom she intends to refund the EAJA fee and that individual's relationship to the minor children and/or claimant. *See* [ECF No. 22-3 at 1].

    IT IS SO ORDERED.

*[signature: Shiva V. Hodges]*

January 9, 2015  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

---

[4] If the undersigned directs the Social Security Administration to pay $33,864.00 to Plaintiff's attorney and Plaintiff's attorney refunds $5,911.00 to "the claimant," it appears that "the claimant" would receive a windfall of $5,911.00 at the expense of the Social Security Administration.