IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Elizabeth Phillips, on behalf of Mark, Phillips, deceased, ) | ) | C/A No.: 1:12-533-SVH |
| Plaintiff, ) | ) | |
| vs. ) | ) | ORDER |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration, ) | ) ) ) | |
| Defendant. ) | ) | |

This matter is before the court on Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b). [ECF No. 22]. After reviewing the motion and its attachments, the Commissioner's response, and counsel's supplemental brief, the undersigned finds additional clarification is necessary by the Commissioner regarding the calculation of the claimant's past-due benefits and the funds released from the claim.

The notice of award ("notice") dated July 8, 2014, stated "[t]he past-due Social Security benefits for Mr. Phillips are $103,680.00." [ECF No. 22-3 at 1]. It indicated past-due benefits for the minor children P.P., C.P., and J.P. were $10,592.00 each for a total of $31,776.00. *Id.* It stated Plaintiff would soon receive a check for $77,758.28. The notice stated that the Social Security Administration ("SSA") withheld $33,864.00 from the past-due benefits to pay the representative, to whom it already paid $6,000.00 from the withheld amount. It noted that "[i]f the representative does not ask for the full 25 percent of your past-due benefits we will pay the remaining to [P.P, C.P., and J.P.]."

The undersigned's review of the notice reveals ambiguities therein. Plaintiff's attorney has notified the court that she sought additional information from the SSA regarding the calculation of the claimant's past-due benefits and the attorney's fee, but received no response to her inquiries. *See* ECF No. 28 at 2. The notice provided monthly benefit amounts for the period from October 2004 through March 2011, but the amounts appear to be erroneous.[1]

The undersigned is also concerned that the SSA may be withholding funds in excess of the amount needed to pay the attorney's fee. The undersigned assumes that the attorney's fee was calculated by adding the past-due benefits for the claimant and those of the minor children.[2] However, the notice indicated that Plaintiff was only paid $77,758.28, and appeared to imply that nothing was to be paid to the minor children unless Plaintiff's attorney did not request the full 25 percent fee. [ECF No. 22-3 at 1]. If the total past-due benefits resulting from the claim were correctly calculated to be $135,456.00, the SSA should have paid to Plaintiff and the minor children a combined total of $101,592.00 and withheld only $33,864.00 for the maximum attorney fee allowed under 42 U.S.C. § 406(b). Instead, it seems that the SSA withheld all of the past-due benefits payable to the minor children as well as 25 percent from the past-due benefits

---

[1] Multiplying the monthly benefit amounts by the number of months in each period and adding the calculations together fails to yield a total of $103,680.00. Also, the cost of living adjustment from December 2008 to December 2009 reflects an increase of only 10 cents per month and the cost of living adjustment from December 2009 to December 2010 reflects a reduction of 10 cents per month. The monthly benefit amounts beginning in December 2009 and December 2010 appear to be erroneous.

[2] The notice indicated that 25 percent of the claimant's past-due benefits was $33,864.00. This amount represents 25 percent of the total of all past-due benefits of $135,456.00—the sum of $103.680.00 and $31,776.00.

payable to Plaintiff. If only the $77,758.28 indicated in the notice of award was paid on the claim, it would seem that an additional $23,833.72 should be paid to Plaintiff, P.P., C.P., and J.P. However, because of the errors in the notice of award and the SSA's subsequent failure to respond to the requests of Plaintiff's attorney, it is unclear whether any of these calculations is correct and exactly how much has been paid on the claim.

The court may "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). However, neither the court nor Plaintiff's attorney can determine with any certainty whether the $33,864.00 indicated in the notice of award is in excess of 25 percent of the claimant's total past-due benefits. *See* ECF No. 28 at 2. Therefore, the undersigned directs the Commissioner to provide to the court an accounting as to the calculation of the claimant's past-due benefits, the amounts paid to Plaintiff, P.P., C.P, and J.P., and the amount of withheld funds and the reasons therefor. The Commissioner is directed to provide the requested information by February 11, 2015. If the Commissioner is unable to comply with this request or if ambiguities remain after the Commissioner's response is received, the undersigned will schedule a hearing in the following month.

IT IS SO ORDERED.

Shiva V. Hodges

January 21, 2015　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　　United States Magistrate Judge