IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Elizabeth Phillips, on behalf of Mark, Phillips, deceased, | ) ) ) | C/A No.: 1:12-533-SVH |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on counsel's motion for fees under 42 U.S.C. § 406(b). [ECF No. 22]. On August 14, 2013, the court reversed the Commissioner's decision denying Plaintiff's claim for social security disability benefits and remanded the case for further administrative proceedings pursuant to sentence four 42 U.S.C. § 405(g). [ECF No. 16]. On December 13, 2013, the court issued an order granting Plaintiff's motion for fees under the Equal Access to Justice Act ("the EAJA") and directing the Commissioner to pay Plaintiff $6,500.00. [ECF No. 21]. Counsel informed the court that the Commissioner subsequently awarded total past-due benefits in the amount of $135,456.00.[1] [ECF No. 22-3 at 1]. Counsel requested that the court authorize a fee in the

---

[1] The notice of award stated that the past-due benefits for the claimant were $103,680.00 and the past-due benefits for P.P., C.P., and J.P. totaled $31,776.00. [ECF No. 22-3 at 1]. Based on discrepancies in the notices of award, the undersigned ordered the Commissioner to provide an accounting as to the calculation of the past-due benefits. [ECF No. 29]. The Commissioner acknowledged several errors in the notice of award, but confirmed that the total past-due benefit amounts were correct for a total of $135,456.00, which represented an underpayment to the deceased claimant of

amount of $33,864.00, which represents 25 percent of the past due benefits resulting from the claim, as agreed to by the claimant in the contingent fee agreement dated April 12, 2010. [ECF No. 23 at 1–2, *citing* ECF No. 22-2]. The undersigned requested that counsel provide supplemental briefing on several issues that concerned the court. [ECF No. 25]. Counsel subsequently submitted her own affidavit and an affidavit from Plaintiff. [ECF Nos. 28, 28-2]. The Commissioner initially filed a response in support of counsel's motion for fees on January 8, 2015, but subsequently filed a response on February 11, 2015, in which she indicated that the maximum amount the court could award to counsel was $27,864.00. [ECF Nos. 23, 31 at 5]. The court has considered the motion for fees, and for the reasons that follow, the court approves the motion for fees under 42 U.S.C. § 406(b), as set forth herein.

I.      Timeliness of Motion for Attorney's Fees

The Local Civil Rules of this court require an attorney to file a petition for attorney's fees no later than 60 days after the issuance of all notices of award of benefits. Local Civ. Rule 83.VII.07 (D.S.C.). The rule provides that "[n]oncompliance with this time limit may be deemed a waiver of any claim for attorney's fees, unless the attorney can show good cause for the delay." *Id.*

Although counsel filed the petition for attorney's fees over five months after the notice of award was issued, the undersigned finds that she has demonstrated good cause for the delay. *See* ECF Nos. 22, 22-3. Counsel submitted that the notice of award dated July 8, 2014, contained several errors and ambiguities. [ECF No. 28 at 2]. She has

---

$103,680.00 and underpayments of $10,592.00 to each of the claimant's three minor children. [ECF Nos. 31, 31-1, 31-2, 31-3].

submitted corroborating documentation demonstrating that she and her office staff made repeated inquiries to the Social Security Administration ("SSA") to have the errors corrected and the ambiguities clarified. [ECF Nos. 28 at 2–3; 28-1]. Finally, counsel stated she filed the motion for attorney's fees after it became apparent that the SSA would be providing no further response to her inquiries. [ECF No. 28 at ¶9] (". . . it will be a cold day in Hell before [counsel] is able to get any such statement out of Social Security"). The court finds that counsel made a good faith effort to confirm the accuracy of the attorney's fee indicated in the notice of award and submitted the motion for attorney's fees within a reasonable time period after realizing that no additional information would be forthcoming. The court also concludes based on Plaintiff's affidavit, counsel's affidavit, and the Commissioner's response that the SSA has not released the funds withheld from the past-due benefits. *See* ECF Nos. 28 at 3; 28-2; 31 at 2.

II.     Consideration of Motion for Attorney's Fees Under 42 U.S.C. § 406(b)

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the relevant statute allows the court to "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt*, 535 U.S. 789 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness where the agreed-upon fee does not exceed the statutory ceiling of 25 percent. However, the contingent fee may be reduced

3

from the agreed-upon amount "when (1) the fee is out of line 'with the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhardt*, 418 F.3d 424, 427 (4th Cir. 2005), *citing Gisbrecht* at 808.

Counsel filed a copy of the contingent fee agreement, signed by the claimant, which provides for a contingent fee of "twenty-five percent (25%) of all past due benefits" awarded in his case, including "benefits awarded to my family." *See* ECF No. 22-2 at 1. She also filed a copy of a contingent fee agreement signed by Plaintiff, on behalf of the deceased claimant, that contains the same terms. *See* ECF No. 1-2. Because the fee agreements are presumptively valid under the Supreme Court's ruling in *Gisbrecht*, the undersigned considers only the reasonableness of the fee based on the three factors set forth in *Gisbrecht.*

The court concludes that the fee is not out of line with the character of the representation and the results achieved. Counsel represented the claimant and his family for over four years in multiple administrative and district court proceedings. *See* ECF No. 22-1 at 2. Her representation included work in the present action, as well as in a prior action in this court. *See Phillips v. Commissioner of the Social Security Administration*, C/A No. 1:10-936-TLW (D.S.C. Aug. 18, 2011) ("Prior Action"). Counsel obtained total past-due benefits on claimant's behalf in the amount of $135,456.00 for the period from October 2004 through March 2011. [ECF Nos. 31-4; 31-5; 31-6; 31-7]. In consideration of the nature of the representation at both the administrative and district court levels, the

4

lengthy period of the representation, and the amount of past-due benefits obtained for Plaintiff and the claimant's other beneficiaries, the court concludes that the fee is not out of line with the character of the representation and the results achieved.

The court further determines that counsel did not cause any delays that affected the accumulation of past-due benefits during the pendency of the case in this court. Counsel filed one motion for a 30-day extension of time to file a brief in the Prior Action. Prior Action at ECF No. 6. Counsel's extension request was reasonable and did not affect the accumulation of past-due benefits. Counsel also sought a 30-day extension within which to file Plaintiff's brief in this action, which was reasonable and did not affect the claimant's past-due benefits because the past-due benefits ceased to accumulate after the claimant's death. *See* ECF Nos. 8, 16 at 3; 31-4, 31-5; 31-6; 31-7.

The court finds that the requested attorney's fee is not large in comparison to the amount of time counsel spent on the case. The record reflects that counsel represented the claimant for 17.10 hours in 2010 and 39.50 hours in 2012. *See* ECF No. 18-2 at 2; Prior Action at ECF No. 24-2 at 1. Although an hourly rate of $598.30 seems exorbitant, the undersigned may consider as part of the reasonableness determination the work expended by counsel at the agency level. *See Mudd v. Barnhardt*, 418 F.3d 424, 428 (4th Cir. 2005) (while the court may not award attorney's fees based on the attorney's work at the agency level, the court may consider "as one factor in its reasonableness determination, the work performed by counsel on the case when it was pending at the agency level"). Counsel represented the claimant at the administrative level from 2011 to 2014. She appeared on the claimant's behalf at a hearing on January 6, 2012. *See* ECF No. 16 at 3. She finally

obtained benefits on claimant's behalf in April 2014. [ECF No. 22-1 at 3]. Based on the lengthy administrative and court processes and the action performed, the undersigned concludes that counsel likely devoted substantial time to the claim at the administrative level. Therefore, the undersigned concludes that the requested fee is not unreasonably large in comparison to the amount of time counsel spent on the case.

The court finds that the contingent fee agreement complies with 42 U.S.C. § 406(b)(1)(A) in that it is both reasonable and does not exceed the statutory maximum fee. The court grants counsel's motion for fees under 42 U.S.C. § 406(b) and approves a total attorney's fee of $33,864.00. The undersigned notes that 42 U.S.C. § 406(b)(1)(A) prohibits this court from authorizing a fee in excess of 25 percent of the total of the past-due benefits to which the claimant was entitled, and therefore recognizes that this amount should be offset by the $6,000.00 already paid to Plaintiff's attorney.[2] Therefore, the Commissioner is directed to remit to Plaintiff's attorney the additional $27,864.00 withheld from the past-due benefits payable on behalf of claimant and to his beneficiaries.[3]

---

[2] Counsel indicated in the motion for attorney's fees that she would refund the fee already paid to her by the SSA to the claimant. [ECF No. 22 at 1–2]. The undersigned expressed concern that if counsel were paid an additional $33,864.00 and refunded $6,000.00 to Plaintiff that Plaintiff would receive a windfall at the expense of the SSA. *See* [ECF No. 25 at 4 n. 4]. Counsel indicated in her affidavit that the SSA's attorneys requested that she structure her motions in this fashion to streamline their recordkeeping. [ECF No. 28 at 3]. The Commissioner subsequently indicated that the maximum the court should award to Plaintiff's counsel was $27,864.00, which represented the amount retained by the SSA from all past-due benefits payable on the claimant's record. [ECF No. 31 at 1, 2]. Therefore, the undersigned declines to order the SSA to pay Plaintiff an additional $33,864.00, but instead approves payment of a total attorney's fee of $33,864.00.

[3] The court also notes that the Commissioner acknowledges a possible underpayment to the claimant's minor children in the amount of $636.00 each, for a total of $1,908.00.

### III. Refund of EAJA Fees

The *Gisbrecht* Court directed that the attorney should refund the smaller fee to "the claimant" when the attorney obtained fees under both the EAJA and 42 U.S.C. § 406(b). Because this claim was brought on behalf of a deceased claimant, the EAJA fee cannot be refunded to the claimant. The Commissioner has explained that the majority of the withheld benefits were withheld from the amount payable to Plaintiff and counsel has indicated Plaintiff is the custodian and payee for the claimant's minor children. *See* ECF Nos. 28-2; 31 at 4. Therefore, the court finds that all amounts to be refunded should be refunded to Plaintiff. The court directs counsel, upon receipt of the total attorney's fee approved herein, to refund to Plaintiff the $6,500.00 EAJA fee paid in this action and any proceeds she received from the EAJA fee paid in the Prior Action.[4]

IT IS SO ORDERED.

February 13, 2015
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

---

Although no action is before the undersigned regarding payment of these benefits, the undersigned encourages the Commissioner to remit any additional funds that may be payable to the claimant's beneficiaries.

[4] In the Prior Action, Judge Wooten awarded an EAJA fee to the claimant in the amount of $2,794.48 and directed that the check be payable to the claimant, but mailed to his attorney. Although Judge Wooten's order references an assignment of the attorney's fee to counsel, the undersigned is unable to determine if the claimant remitted the EAJA fee to counsel. Therefore, the undersigned directs counsel to refund the $6,500 EAJA fee paid in this action and any fees pursuant to the EAJA that she was paid in the Prior Action.